IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-93

 No. COA21-292

 Filed 15 February 2022

 I.C. No. 18-739436

 DENNIS D. MAHONE, JR., Employee, Plaintiff,

 v.

 HOME FIX CUSTOM REMODELING, Employer, SELECTIVE INSURANCE,
 Carrier, Defendants.

 Appeals by plaintiff and defendants from Opinion and Award entered

 26 January 2021 by the North Carolina Industrial Commission. Heard in the Court

 of Appeals 11 January 2022.

 Lennon, Camak & Bertics, PLLC, by S. Neal Camak and Michael W. Bertics,
 for plaintiff.

 Cranfill Sumner LLP, by Steven A. Bader and Jerri Simmons, for defendants.

 ARROWOOD, Judge.

¶1 Dennis D. Mahone, Jr., (“plaintiff”) and Home Fix Custom Remodeling (“Home

 Fix”) appeal from separate portions of the same order of the North Carolina Industrial

 Commission (“Commission”). Plaintiff contends the Commission applied the

 incorrect legal standard in determining whether plaintiff’s traumatic brain injury

 (“TBI”) was compensable. Home Fix and its insurance carrier, Selective Insurance

 (collectively, “defendants”) contend the Commission erred in allowing plaintiff to seek
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 a new hearing on his claim for retroactive attendant care benefits, and abused its

 discretion by entering discovery sanctions. For the following reasons, we affirm in

 part, reverse in part, and remand for further proceedings.

 I. Background

¶2 Home Fix is a home remodeling company that employs “Territory Sales

 Representatives” to canvas neighborhoods and engage with customers. Plaintiff was

 hired by Home Fix as a Territory Sales Representative on 6 July 2018. On

 24 July 2018, during his second sales call, plaintiff climbed into the attic of a potential

 customer to take measurements for an insulation estimate and the floor beneath him

 collapsed. Plaintiff fell at least twenty feet and landed in the staircase area of the

 lower level of the home. EMS responded and found plaintiff unconscious and

 “slumped over a broken wooden [banister].” Plaintiff regained consciousness en route

 to the hospital.

¶3 When plaintiff arrived at the hospital, he complained of pain throughout his

 entire back, as well as numbness and tingling in his extremities. Dr. Matthew

 Alleman (“Dr. Alleman”) observed that plaintiff had weakness in his extremities

 during the initial examination. An MRI indicated that plaintiff suffered significant

 injuries to his cervical and thoracic spine, including laminar fractures of vertebrae at

 C4, C5, C6, C7, T1, T2, T3, and T5, interspinous ligamentous tearing from C2 to T4,

 and “severe stenosis at C4-5, C5-6, and C6-7 as well as edema within the spinal cord
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 from C5-C7.” Plaintiff also had two posterior rib fractures on his left side. A CT scan

 of plaintiff’s head taken at the same time indicated “[n]o evidence of intracranial

 hemorrhage, mass effect or acute cortical stroke[,]” and a “[s]oft tissue hematoma

 overlying the superior left parietal bone.”

¶4 After the initial examination and imaging, Dr. Conor Regan (“Dr. Regan”)

 performed surgery on plaintiff. The surgery “included treatment of the C4 fracture,

 treatment and reduction of the C5 and C6 laminar fractures, treatment and reduction

 of the T2-T3 ligamentous injury, fusion of the vertebrae from C3 to T3, application of

 instrumentation from C3 to T3, laminectomies at C4, C5, C6 and C7,” and an iliac

 crest bone graft. Dr. Regan conducted a follow-up appointment on

 11 September 2018, where plaintiff reported “stiffness in his neck but no pain

 radiating into his arms.” Dr. Regan recommended that plaintiff begin outpatient

 physical therapy.

¶5 Following surgery, Dr. Scott Moore (“Dr. Moore”) conducted a cognitive

 screening and mental assessment on 27 July 2018 to evaluate plaintiff for a possible

 TBI. Dr. Moore noted that plaintiff had difficulty with “mental flexibility and verbal

 memory” and displayed “reduced processing speed/delayed response time in addition

 to variable attention at times[,]” as well as a depressed affect. Dr. Moore also

 observed that plaintiff reported high levels of pain during the evaluation, which may

 have “negatively impacted current cognitive abilities to an unclear extent.” Dr. Moore
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 provided plaintiff with “[b]rief verbal and written information regarding mild TBI,”

 but concluded that additional acute, inpatient neuropsychological services did “not

 appear warranted at [that] time.”

¶6 Plaintiff was admitted to WakeMed Rehabilitation on 13 August 2018, where

 he underwent inpatient rehabilitation until his discharge on 31 August 2018. On

 15 August 2018, Dr. Rochelle Lynn O’Neil (“Dr. O’Neil”) performed a neurobehavioral

 assessment of plaintiff, observing that plaintiff had “reduced working memory

 abilities[,]” but otherwise “the majority of other cognitive abilities . . . were within

 normal limits.” Dr. O’Neil noted that plaintiff “demonstrated improvements within

 language abilities, processing speed, and aspects of memory” since the 27 July 2018

 screening.

¶7 On 30 July 2018, plaintiff completed and filed a Form 18 providing notice of

 the accident. Defendants denied plaintiff’s claim, alleging there was no

 employee/employer relationship. On 8 August 2018, plaintiff filed a Form 33 request

 for an expedited hearing. On 13 September 2018, Defendants filed a Form 33R in

 response, again denying compensability. On 24 September 2018, Deputy

 Commissioner Ashley M. Moore (“Deputy Commissioner Moore”) entered an order

 requiring defendants to fully respond to plaintiff’s discovery requests.

¶8 The case was heard before Deputy Commissioner Moore on 1 October 2018.

 The issues presented included whether plaintiff was permanently and totally
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 disabled, to what attendant care compensation plaintiff was entitled, plaintiff’s

 average weekly wage and compensation rate, whether defendants should be subject

 to a statutory penalty, and whether defendants should be assessed sanctions or

 attorney’s fees. At the hearing, plaintiff testified from a wheelchair and needed to

 take multiple breaks during the hearing due to pain. Plaintiff testified that “he had

 trouble using the restroom, feeding himself, and administering his medication, and

 he had to rely upon his wife to assist him with those activities.” Although plaintiff

 provided testimony regarding the assistance his wife provided, his wife did not testify

 at the hearing and was not deposed.

¶9 Following the hearing and subsequent mediation, defendants filed a Form 60

 on 14 November 2018, admitting that plaintiff was an employee who had suffered a

 compensable accident, specifically admitting injuries to plaintiff’s “spine, fractures to

 the second and third left-sided ribs, and hematoma on the parietal bone.” Deputy

 Commissioner Moore held the record open for submissions through 30 January 2019.

¶ 10 Dr. Regan was deposed on 17 October 2018. Dr. Regan testified that plaintiff

 demonstrated “diminished sensation in his upper extremities[,]” with “remarkably

 decreased strength in the right upper and nothing in the right lower” extremities and

 “spared strength to some degree in the left upper, and more so in the left lower”

 extremities. These observations were consistent with a central spinal cord injury.

 Dr. Regan explained that plaintiff’s right side was weaker than the left side because
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 of the “laminar fracture squeezing down on the right side of the spinal cord[.]” This

 was compounded by plaintiff’s ligamentous injury where “he basically ripped through

 the ligaments that connect the back of the bones together,” which created floating

 spinal masses that further compressed the spinal cord. Dr. Regan stated that

 plaintiff had regained some motor function and could use a walker to traverse short

 distances, but also acknowledged that plaintiff was in a wheelchair at a recent

 hearing and that plaintiff could not “walk very far.”

¶ 11 On 2 November 2018, Dr. Lance L. Goetz (“Dr. Goetz”) wrote a letter stating

 that plaintiff was hospitalized and under Dr. Goetz’s care at the Richmond VA Spinal

 Cord Injury and Disorders Service. In the letter, Dr. Goetz indicated that plaintiff

 required, and continued to require, “aid and attendance from a trained

 caregiver . . . for the foreseeable future[,]” including “supervision, assistance with

 ADLs [activities of daily living], transfers, transportation, and ongoing medical care

 and monitoring.” Dr. Goetz also stated in his letter that plaintiff had “incurred a

 traumatic brain injury with loss of consciousness and approximately [two] days of

 post-traumatic amnesia.” Dr. Goetz was not deposed as part of this case.

¶ 12 On 4 June 2019, Deputy Commissioner Moore entered an Opinion and Award.

 Deputy Commissioner Moore found that plaintiff had failed to present evidence “as

 to how many hours per day he requires attendant care[,]” or “of the appropriate

 compensation rate” for plaintiff’s wife as an attendant care provider. Deputy
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 Commissioner Moore also found that “while it is clear Plaintiff needs attendant care

 due to his compensable injuries,” plaintiff had “presented no competent evidence to

 support such an award.” Regarding plaintiff’s claims for sanctions, Deputy

 Commissioner Moore found that plaintiff “failed to prove Defendants did not fully

 respond to Plaintiff’s discovery requests” and declined to impose sanctions.

¶ 13 Deputy Commissioner Moore concluded that although plaintiff “is currently

 totally disabled from competitive employment, he is not yet at maximum medical

 improvement and thus it is not yet possible to determine whether Plaintiff meets the

 requirements for permanent and total disability . . . .” Deputy Commissioner Moore

 further concluded that plaintiff had failed to present evidence regarding the number

 of hours of attendant care plaintiff needed in the past and would need in the future,

 or regarding the rate at which plaintiff’s wife should be compensated for attendant

 care. Regarding compensation, Deputy Commissioner Moore concluded that

 plaintiff’s “average weekly wage [was] $1,692.31 which yields the maximum weekly

 benefit of $992.00” pursuant to N.C. Gen. Stat. § 97-29. Finally, Deputy

 Commissioner Moore concluded that plaintiff had failed to present evidence that

 defendants did not comply with the 24 September 2018 order and denied plaintiff’s

 request for sanctions.

¶ 14 On 5 June 2019, plaintiff filed a Motion for Reconsideration requesting various

 amendments and clarifications. On 22 July 2019, Deputy Commissioner Moore filed
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 an amended Opinion and Award. Therein, Deputy Commissioner Moore concluded

 that defendants “shall provide medical treatment for Plaintiff’s compensable injuries,

 namely, those listed on the Form 60 filed by Defendants: Plaintiff’s spine, fractures

 to his second and third left-sided ribs, and hematoma on the parietal bone.” Deputy

 Commissioner Moore also ordered that “Defendants shall pay medical expenses

 incurred, or to be incurred, as a result of Plaintiff’s compensable injuries as may

 reasonably be required to effect a cure, provide relief, or lessen the period of

 disability.” The remainder of the amended Opinion and Award was unchanged from

 the original 4 June 2019 Opinion and Award.

¶ 15 Plaintiff filed an appeal to the Full Industrial Commission on 6 August 2019.

 Plaintiff filed a corresponding Form 44 on 24 October 2019.

¶ 16 The Full Commission reviewed the matter on 10 December 2019 and entered

 an Opinion and Award on 26 January 2021. The Commission made findings

 summarizing the medical evidence presented at the hearing and subsequently

 received in discovery. The Commission found that “[a]lthough the medical records in

 this case indicate that Plaintiff was diagnosed with a mild TBI following the

 24 July 2018 incident, the Full Commission finds Plaintiff presented no expert

 medical opinion evidence causally linking the 24 July 2018 incident with Plaintiff’s

 traumatic brain injury.” The Commission noted that “Dr. Regan was the only medical

 expert deposed in this matter, and he was neither asked for, nor independently
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 offered any opinion as to the causation of Plaintiff’s TBI.” Additionally, the

 Commission found that, “[w]hile Dr. Goetz wrote a letter to the Commission

 indicating that the TBI was related to the 24 July 2018 incident, he did not offer an

 opinion to a reasonable degree of medical certainty, and was not deposed by the

 parties.” Accordingly, the Commission found that plaintiff was not entitled to

 ongoing medical compensation for his TBI.

¶ 17 Regarding attendant care benefits, the Commission found that plaintiff

 “requires attendant care to effect a cure, give relief, or lessen the period of his

 disability[,]” but that plaintiff “failed to present evidence as to how many hours per

 day he requires attendant care, or the appropriate compensation rate for [his wife] as

 the attendant care provider.” The Commission found that there was “insufficient

 evidence upon which to base an award for either prospective or retroactive attendant

 care . . . .” Regarding compensation and plaintiff’s average weekly wage, the

 Commission applied the same method for calculation as in Deputy Commissioner

 Moore’s Opinion, finding that plaintiff’s average weekly wage was $1,692.31, yielding

 a maximum weekly benefit of $992.00.

¶ 18 With respect to plaintiff’s claim for discovery sanctions, the Commission found

 that on 20 August 2018, plaintiff served a series of requests for discovery, including

 forty-eight interrogatories and twenty-one requests for production of documents. On

 21 September 2018, plaintiff filed a Motion to Compel, which Deputy Commissioner
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 Moore granted on 24 September 2018, requiring defendants to “answer and fully

 respond to Plaintiff’s 20 August 2018 discovery requests by 5:00 p.m. on Wednesday,

 26 September 2018.” The Commission found that plaintiff filed a second Motion to

 Compel on 27 September 2018, arguing that defendants “failed to make a full

 response” with respect to several interrogatories and requests for production. The

 Commission noted that plaintiff’s brief drew “attention to Defendants’ failure to

 provide full answers to Interrogatories 8(d) and (e), which request detail regarding

 training courses and ratings or evaluations provided to Plaintiff.” Specifically,

 “[w]hile Defendants provided Plaintiff with the sales manual introduced as part of

 Stipulated Exhibit 2, they did not produce the audio recordings later introduced as

 Plaintiff’s Exhibit 2, which were largely provided to Plaintiff” during his initial

 training. The Commission found that the recordings, “which last over ten hours,

 contain detailed instructions given by [Home Fix’s branch manager] to [plaintiff] and

 other trainees on sales techniques and procedures, and show Plaintiff was routinely

 given homework and was subject to evaluation during his two-week training course.”

 Based upon a preponderance of the evidence, the Commission found that Home Fix

 “did not fully respond to Plaintiff’s discovery requests and in doing so failed to comply

 with Deputy Commissioner Moore’s 24 September 2018 Order[,]” and that this

 failure “was not based on an inability to comply[.]”

¶ 19 Based on the aforementioned findings of fact, the Commission concluded that
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 plaintiff was “entitled to medical treatment for his compensable injuries, namely,

 those listed on the Form 60 filed by Defendants.” The Commission further concluded

 that based on plaintiff’s evidence, including “his own testimony, his medical records,

 and Dr. Goetz’s letter, . . . he is in need of attendant care, [and] the Full Commission

 concludes attendant care is reasonably necessary to effect a cure, provide relief, or

 lessen the period of Plaintiff’s disability.” Despite concluding that attendant care was

 reasonably necessary, the Commission concluded that it was “unable to award

 compensation for retroactive or prospective attendant care” due to the lack of

 evidence as to the number of hours of attendant care needed and the rate at which

 plaintiff’s wife should be compensated.

¶ 20 In the Award, the Commission denied plaintiff’s claim for permanent and total

 disability benefits and his claim for benefits for his TBI. The Commission ordered

 defendants to “pay ongoing temporary total disability benefits to Plaintiff at a rate of

 $992.00 per week beginning 24 July 2018 and continuing until further order of the

 Commission, less any amounts already paid by Defendants.” The Commission also

 ordered defendants to “pay medical expenses incurred, or to be incurred, as a result

 of Plaintiff’s compensable injuries as may reasonably be required to effect a cure,

 provide relief, or lessen the period of disability.” Plaintiff’s claim for attendant care

 benefits was denied, with the Award providing that “[i]f the parties are unable to

 agree to the number of hours and the rate of reimbursement for [plaintiff’s wife’s]
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 provision of attendant care to Plaintiff, the parties may request further hearing

 before the Industrial Commission pursuant to Rule 614 of the Workers’

 Compensation Rules.” The Commission granted plaintiff’s claim for discovery

 sanctions.

¶ 21 On 23 February 2021, plaintiff filed notice of appeal, limiting the appeal to the

 issue of denial of the compensability of plaintiff’s TBI. On 1 March 2021, defendants

 cross-appealed.

 II. Discussion

¶ 22 Both parties have appealed the Commission’s order, with each appeal

 addressing separate issues. Plaintiff contends the Commission applied the incorrect

 legal standard in denying that plaintiff’s TBI was compensable. Defendants contend

 the Commission erred in allowing plaintiff to seek a new hearing on his claim for

 retroactive care benefits and abused its discretion by entering discovery sanctions.

 We address each issue in turn.

 A. Standard of Review

¶ 23 “[O]n appeal from an award of the Industrial Commission, review is limited to

 consideration of whether competent evidence supports the Commission’s findings of

 fact and whether the findings support the Commission’s conclusions of law.”

 Richardson v. Maxim Healthcare/Allegis Grp., 362 N.C. 657, 660, 669 S.E.2d 582,

 584 (2008) (citation omitted). “This court’s duty goes no further than to determine
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 whether the record contains any evidence tending to support the finding.” Id.

 (citation and quotation marks omitted). “Even where there is evidence to support

 contrary findings, the Commission’s findings of fact are conclusive on appeal if

 supported by any competent evidence.” Snead v. Carolina Pre-Cast Concrete, Inc.,

 129 N.C. App. 331, 335, 499 S.E.2d 470, 472 (1998) (citation omitted). If the

 Commission’s findings “are predicated on an erroneous view of the law or a

 misapplication of the law, they are not conclusive on appeal.” Simon v. Triangle

 Materials, Inc., 106 N.C. App. 39, 41, 415 S.E.2d 105, 106 (1992) (citation omitted).

¶ 24 “The Commission’s conclusions of law, however, are reviewable de novo.”

 Snead, 129 N.C. App. at 335, 499 S.E.2d at 472 (citation omitted). The Commission’s

 designation of various points as a “Finding of Fact” or “Conclusion of Law” are not

 conclusive; “[w]hether a statement is an ultimate fact or a conclusion of law depends

 upon whether it is reached by natural reasoning or by an application of fixed rules of

 law.” Brown v. Charlotte-Mecklenburg Bd. of Ed., 269 N.C. 667, 670, 153 S.E.2d 335,

 338 (1967) (citation and quotation marks omitted).

¶ 25 “The decision to receive additional evidence is within the sound discretion of

 the Commission, and will not be reversed on appeal unless the Commission

 manifestly abuses its discretion.” Pittman v. Int’l Paper Co., 132 N.C. App. 151, 155,

 510 S.E.2d 705, 708 (citation omitted), aff’d, 351 N.C. 42, 519 S.E.2d 524 (1999).

¶ 26 Our Supreme Court “has repeatedly held that our Workers’ Compensation Act
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 should be liberally construed to effectuate its purpose to provide compensation for

 injured employees or their dependents, and its benefits should not be denied by a

 technical, narrow, and strict construction.” Adams v. AVX Corp., 349 N.C. 676, 680,

 509 S.E.2d 411, 413 (1998) (quotation marks omitted) (quoting Hollman v. City of

 Raleigh, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968)).

 B. Compensability of Injury

¶ 27 Plaintiff argues the Commission erred in denying that he was entitled to

 compensation for his TBI. We agree.

¶ 28 N.C. Gen. Stat. § 97-82(b) provides that “[a]n employee may request a hearing

 pursuant to G.S. 97-84 to prove that an injury or condition is causally related to the

 compensable injury.” N.C. Gen. Stat. § 97-82(b) (2021). “Under the North Carolina

 Workers’ Compensation Act, an employee seeking benefits ‘bears the burden of

 proving every element of compensability.’ ” Rogers v. Smoky Mountain Petroleum

 Co., 172 N.C. App. 521, 524, 617 S.E.2d 292, 295 (2005) (citation omitted). “The

 degree of proof required of a claimant is the ‘greater weight’ or the preponderance of

 the evidence.” Id. (citation omitted).

¶ 29 If a case concerns “complicated medical questions far removed from the

 ordinary experience and knowledge of laymen, only an expert can give competent

 opinion evidence as to the cause of the injury.” Holley v. ACTS, Inc., 357 N.C. 228,

 232, 581 S.E.2d 750, 753 (2003) (citation and quotation marks omitted). “However,
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 when such expert opinion testimony is based merely upon speculation and conjecture,

 it can be of no more value than that of a layman’s opinion. As such, it is not

 sufficiently reliable to qualify as competent evidence on issues of medical causation.”

 Young v. Hickory Bus. Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000). The

 evidence must “take the case out of the realm of conjecture and remote possibility,”

 which requires “sufficient competent evidence tending to show a proximate causal

 relation.” Holley, 357 N.C. at 232, 581 S.E.2d at 753 (citation omitted).

¶ 30 Expert testimony “as to the possible cause of a medical condition is admissible

 if helpful to the jury,” but it may be insufficient to prove causation, particularly “when

 there is additional evidence or testimony showing the expert’s opinion to be a guess

 or mere speculation[.]” Id. at 233, 581 S.E.2d at 753 (citations and quotation marks

 omitted). “[I]t appears that our Supreme Court has created a spectrum by which to

 determine whether expert testimony is sufficient to establish causation in worker’s

 compensation cases.” Cannon v. Goodyear Tire & Rubber Co., 171 N.C. App. 254,

 264, 614 S.E.2d 440, 446 (2005). While expert testimony that a work-related injury

 “could” or “might” have caused further injury is insufficient to prove causation, expert

 testimony establishing that a work-related injury “likely” caused further injury is

 “competent evidence” to support a finding of causation. Id., 614 S.E.2d at 446-47

 (citations omitted).

¶ 31 “This court has repeatedly held that a doctor is not required to testify to a
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 reasonable degree of medical certainty.” Erickson v. Siegler, 195 N.C. App. 513, 524,

 672 S.E.2d 772, 780 (2009) (citations omitted). “All that is required is that it is ‘likely’

 that the workplace accident caused plaintiff's injury.” Id. (citations omitted).

¶ 32 In Rawls v. Yellow Roadway Corp., the defendants challenged the

 Commission’s finding with respect to a doctor’s diagnosis of the plaintiff’s injuries.

 Rawls v. Yellow Roadway Corp., 219 N.C. App. 191, 197, 723 S.E.2d 573, 578 (2012).

 This Court disagreed, holding that the doctor’s opinion, as stated in his report, was

 sufficient evidence to support the Commission’s finding. Id. (“[T]he language of the

 Commission’s finding of fact 36 closely mirrors the language of Dr. Tegeler’s report.

 Accordingly, we conclude that finding of fact 36 was supported by sufficient

 evidence.”).

¶ 33 In this case, the Commission determined that plaintiff “presented no expert

 medical opinion evidence causally linking the 24 July 2018 incident with Plaintiff’s

 traumatic brain injury.” The Commission found that Dr. Regan was the only medical

 expert deposed “and he was neither asked for, nor independently offered any opinion

 as to the causation of Plaintiff’s TBI,” and that “[w]hile Dr. Goetz wrote a letter to the

 Commission indicating that the TBI was related to the 24 July 2018 incident, he did

 not offer an opinion to a reasonable degree of medical certainty, and was not deposed

 by the parties.”

¶ 34 Based on these findings, it appears the Commission required plaintiff to
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 present expert testimony, either at a hearing or deposition, to a reasonable degree of

 medical certainty, that his TBI was causally related to the accident. This is not the

 standard required by this Court. In order to establish causation, plaintiff was

 required to present expert opinion evidence, not necessarily in the form of testimony,

 that it was likely that the accident caused plaintiff’s injury. As this Court held in

 Rawls, documentary evidence may be sufficient to support the Commission’s finding

 with respect to causation. Although Dr. Goetz was not deposed and did not testify,

 his letter stated that plaintiff “has incomplete . . . tetraplegia due to a 25 foot fall

 through an attic . . . . He has also incurred a traumatic brain injury with loss of

 consciousness and approximately 2 days of post-traumatic amnesia.” Dr. Goetz’s

 letter was not speculative or guesswork, and constituted sufficient evidence to

 establish causation by a preponderance of the evidence. Notably, although the

 Commission determined that Dr. Goetz’s letter was insufficient to causally link

 plaintiff’s accident to his TBI, the Commission did consider Dr. Goetz’s letter as

 evidence, citing the letter to support the conclusion that plaintiff was in need of

 attendant care.

¶ 35 We hold the Commission erred in denying plaintiff compensation for his TBI.

 Accordingly, we reverse the Commission’s Opinion and Award with respect to the

 compensability of plaintiff’s TBI and remand to the Commission to make findings and

 conclusions applying the correct standards of proof.
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 C. New Hearing on Claim for Attendant Care Benefits

¶ 36 Defendants contend the Commission abused its discretion in allowing plaintiff

 to request another hearing under Workers’ Compensation Rule 614. Defendants

 describe this not as a fee dispute, but as a missed opportunity by plaintiff to present

 evidence of attendant care valuation. Plaintiff, however, contends the Commission

 resolved the compensability question in plaintiff’s favor and ordered the parties to

 attempt to reach an agreement on the reimbursement rate issue.

¶ 37 Under the Workers’ Compensation Act, medical compensation may include

 “attendant care services prescribed by a health care provider authorized by the

 employer or subsequently by the Commission” to the extent that the services are

 reasonably necessary to effect a cure, provide relief, or lessen the period of disability.

 N.C. Gen. Stat. § 97-2(19) (2021). “The term ‘health care provider’ means physician,

 hospital, pharmacy, chiropractor, nurse, dentist, podiatrist, physical therapist,

 rehabilitation specialist, psychologist, and any other person providing medical care

 pursuant to this Article.” N.C. Gen. Stat. § 97-2(20) (emphasis added).

¶ 38 Our Courts have “authorized payment to family members for attendant care

 provided to an injured family member.” London v. Snak Time Catering, Inc., 136

 N.C. App. 473, 480, 525 S.E.2d 203, 208 (2000) (citing Godwin v. Swift & Co., 270

 N.C. 690, 155 S.E.2d 157 (1967)). When determining the appropriate rate for

 attendant care provider fees, the Commission must consider factors including the
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 provider’s expertise, the type of services rendered, and actual wages earned by an

 equivalent attendant care provider. See Levens v. Guilford Cty. Schs., 152 N.C. App.

 390, 399, 567 S.E.2d 767, 773 (2002) (considering evidence of attendant care services

 provided by plaintiff’s family members).

¶ 39 Pursuant to Workers’ Compensation Rule 614, if a health care provider fee

 dispute cannot be resolved, the health care provider “shall file a motion to intervene

 with the Commission.” 11 N.C. Admin. Code 23A.0614(f). In accordance with N.C.

 Gen. Stat. § 97-90.1, “when a health care provider is allowed to intervene by the

 Commission, the intervention is limited to the medical fee dispute.” 11 N.C. Admin.

 Code 23A.0614(k). “Discovery by a health care provider shall be allowed following a

 Commission order allowing intervention but is limited to matters related to the

 medical fee dispute.” 11 N.C. Admin. Code 23A.0614(m).

¶ 40 In this case, the Commission received competent evidence that plaintiff

 required attendant care and made findings of fact and conclusions of law based on

 that evidence. The issue of the rate of compensation, however, was not resolved and

 remained in dispute. Accordingly, pursuant to Workers’ Compensation Rule 614,

 plaintiff’s wife was permitted to file a motion to intervene with the Commission. Rule

 614 further provides that if the Commission grants a motion to intervene, discovery

 shall be allowed, limited to matters related to the medical fee dispute.

¶ 41 Defendants’ contentions that the Commission erred in allowing plaintiff to
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 seek a new hearing are founded in a misapprehension of the Workers’ Compensation

 Rules and a misunderstanding of the Commission’s Opinion and Award. Although it

 does not appear from our review of the record that plaintiff’s wife has yet filed a

 motion to intervene, the Workers’ Compensation Rules provide for further discovery

 and proceedings in these circumstances. We hold that the Commission did not abuse

 its discretion in permitting the parties to request further hearing pursuant to Rule

 614.

 D. Discovery Sanctions

¶ 42 Defendants argue the Commission erred in imposing sanctions for failing to

 produce audio recordings in discovery. We disagree.

¶ 43 Workers’ Compensation Rule 605 permits litigants to conduct written

 discovery. 11 N.C. Admin. Code 23A.0605. The Workers’ Compensation discovery

 rules “should be liberally construed in order to accomplish the important goal” of

 facilitating pre-trial disclosure “of any unprivileged information that is relevant and

 material to the lawsuit so as to permit the narrowing and sharpening of the basic

 issues and facts that will require trial.” Williams v. N.C. Dep’t of Correction, 120 N.C.

 App. 356, 359, 462 S.E.2d 545, 547 (1995) (citation and quotation marks omitted).

 “The administration of these rules, in particular the imposition of sanctions, is within

 the broad discretion” of the Commission, and the Commission’s decision “regarding

 sanctions will only be overturned on appeal upon showing an abuse of that
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 discretion.” Id. (citations omitted).

¶ 44 Rule 605(9) provides that sanctions “shall be imposed under this Rule for

 failure to comply with a Commission order compelling discovery unless the

 Commission excuses the failure based on an inability to comply with the order.” 11

 N.C. Admin. Code 23A.0605(9).

¶ 45 Defendants argue the Commission erred in entering sanctions against them

 because plaintiff “did not need to use the rules of discovery” because he already had

 the recordings at issue in his possession; defendants also describe plaintiff’s

 argument as “textbook gamesmanship.” Defendants acknowledge that they did not

 produce the recordings, instead arguing they were not required to produce them.

 Defendants’ argument, however, completely ignores the Workers’ Compensation

 Rules and procedural history of this case.

¶ 46 When Deputy Commissioner Moore granted plaintiff’s Motion to Compel, the

 corresponding order required defendants to fully respond to plaintiff’s discovery

 requests. The Commission noted that plaintiff’s Interrogatories 8(d) and 8(e)

 requested “detail regarding training courses and ratings or evaluations” provided to

 plaintiff. The order was clear about what defendants were required to produce, and

 pursuant to Rule 605(9), sanctions “shall be imposed . . . for failure to comply with a

 Commission order compelling discovery.” Defendants failed to comply with Deputy

 Commissioner Moore’s order, and accordingly the Commission did not err in
 MAHONE V. HOME FIX CUSTOM REMODELING

 2022-NCCOA-93

 Opinion of the Court

 sanctioning defendants.

 III. Conclusion

¶ 47 For the foregoing reasons, we hold that the Commission applied the wrong

 legal standard in reviewing the medical evidence presented related to plaintiff’s TBI

 and therefore erred in determining that plaintiff’s TBI was not compensable. Thus,

 we reverse and remand with respect to that portion of the Commission’s Opinion and

 Award. We affirm the Commission with respect to attendant care benefits and the

 imposition of discovery sanctions.

 REVERSED AND REMANDED IN PART, AFFIRMED IN PART.

 Judges HAMPSON and CARPENTER concur.